**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 21-52150 |
| 5AAB Transport, LLC, | : | Chapter 11, Subchapter V |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr |

| | | |
|---|---|---|
| In re: | : | Case No: 21-52151 |
| SJS Transport, LLC, | : | Chapter 11, Subchapter V |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr |

| | | |
|---|---|---|
| In re: | : | Case No: 21-52152 |
| Heavy Diesel Service, LLC, | : | Chapter 11, Subchapter V |
| | : | |
| Debtor. | : | Judge C. Kathryn Preston[1] |

| | | |
|---|---|---|
| In re: | : | Case No: 21-52153 |
| 5AAB Holding, LLC, | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr |

**DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Debtors 5AAB Transport, LLC ("Transport"), 5AAB Holding, LLC ("Holding"), SJS Transport, LLC ("SJS"), and Heavy Diesel Service, LLC ("Diesel," together, the "Debtors") move the Court to order joint administration of these chapter 11 cases.

Pursuant to LBR 9013-1(a)(1)(C)(iii), because the Debtors are seeking an expedited hearing on this matter, no twenty-one day notice is attached and a separate certificate of service will be filed. A proposed order granting this motion is attached as Exhibit A.

---

[1] At the time of filing this motion, Judge Preston was assigned to the Diesel case. Because the Transport case was filed first and Judge Hoffman was the first judge assigned, in accordance with Local Rule 1015-2(c) and (d), the Debtors are assuming within this motion and the proposed order that the Diesel case will be reassigned to Judge Hoffman.

Respectfully submitted,

 /s/  James A. Coutinho
Thomas R. Allen          (0017513)
Richard K. Stovall       (0029978)
James A. Coutinho        (0082430)
Allen Stovall Neuman & Ashton LLP
17 South High Street, Suite 1220
Columbus, Ohio 43215
T: (614) 221-8500      F: (614) 221-5988
allen@ASNAlaw.com; stovall@ASNAlaw.com;
coutinho@ASNAlaw.com
*Proposed Counsel for Debtors/Debtors in Possession*

## MEMORANDUM IN SUPPORT

### I.   JURISDICTION AND BACKGROUND INFORMATION

1.      This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3.      The Debtors are Ohio limited liability companies owned and operated by Hardeep Singh and Navdeep Sidhu. The Debtors provide ground transportation, freight forwarding, and logistics services, all on a national, regional and local basis. They operate in all 48 contiguous states, serving the needs of their customers with various forms of supply chain solutions.

4.      The Debtors each manage a different segment of the operations. Transport and SJS are the operators through which the Debtors' freight forwarding service revenue is derived. Diesel provides truck and equipment repair services to Transport as well as to third-party companies, with a specialization in Volvo trucks. Holding is a real estate holding company that owns the primary real estate from which the Debtors operate.

5.      The Debtors have experienced financial hardship due to multiple factors, including the loss of a large customer at the end of 2019 followed by the onset of the COVID-19 pandemic. The Debtors seek to restructure through the filing of this chapter 11 proceeding and intends to submit a plan or plans of reorganization.

6.      In conjunction with the filing of this case, the Debtors are filing in the Transport case the *Declaration of Hardeep Singh* which provides additional details about the background of the Debtors and the matters that have led to the filing of this case. Reference is made to the declaration, which is incorporated herein.

3

## II.    RELIEF REQUESTED

7.      The Debtors seek entry of an order directing procedural consolidation and joint

administration of these chapter 11 cases. The Debtors request that one docket be maintained for

the jointly administered cases and that the cases be administered under this consolidated caption:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| In re: | : | Case No: 21-52150 |
| 5AAB Transport, LLC, *et al.* | : | Chapter 11 |
| | : | Judge John E. Hoffman, Jr. |
| Debtors. | : | |
| | : | Jointly Administered |

8.      The Debtors also request that a docket entry, substantially similar to the following,

be entered on the docket of the Holding and Diesel cases to reflect the joint administration of these

chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure directing joint
> administration for procedural purposes only of the chapter 11 cases
> of: 5AAB Transport LLC, Case No. 21-52150; 5AAB Holding LLC,
> Case No. 21-52153; SJS Transport, LLC, Case No. 21-52151; and
> Heavy Diesel Service LLC, Case No. 21-52152. The docket in
> 5AAB Transport LLC, Case No. 21-52150 should be consulted for
> all matters affecting this case.

9.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f…two or more

petitions are pending in the same court by or against…a debtor and an affiliate, the court may order

a joint administration of the estates." The debtor entities that commenced these chapter 11 cases

are "affiliates" as that term is defined in section 11 U.S.C. § 101(2).

10.     Hardeep Singh and Navdeep Sidhu each own 50% of the voting interest of all three

Debtors. Therefore, all the Debtors are affiliates of each other. Accordingly, the Bankruptcy Code

and Bankruptcy Rules authorize the Court to grant the relief requested herein.

4

11.     Joint administration is generally non-controversial, and the courts in this jurisdiction routinely order joint administration in cases with multiple debtors. *See, e.g.*, *In re Murray Energy Holdings Co.*, No. 19-56885 (JEH) (Bankr. S.D. Ohio Nov. 1, 2019) (directing joint administration of chapter 11 cases); *In re Milacron Inc., a Delaware corporation*, No. 09-11235 (Bankr. S.D. Ohio Mar. 12, 2009) (same); *In re FirstEnergy Solutions Corp.*, No. 18-50757 (Bankr. N.D. Ohio Apr. 3, 2018) (same); *In re SCI Direct, LLC*, No. 17-61735 (Bankr. N.D. Ohio Aug. 11, 2017) (same).

12.     Given the integrated nature of the Debtors' operations and the common ownership of all three Debtors, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The Debtors plan to file one or more plans of reorganization, but most other filings will be substantially similar for all Debtors. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

14.     The Debtors note that Holding's bankruptcy case did not qualify for relief under subchapter V of chapter 11 while Transport, SJS and Diesel have elected subchapter V treatment. The joint administration of the Holding case with the Transport and Diesel cases should not be affected by the lack of a subchapter V designation in the Holding case. As a single-asset real estate entity, Holding's case will be on the same timeline as the other subchapter V cases. It will likely file a separate plan of reorganization as a result of the different confirmation standards between regular and subchapter V cases, but the benefits of joint administration up to that point will be significant.

## III.     NOTICE

15.     Notice of this Motion is being provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the twenty (20) largest unsecured creditors; and (c) any lienholders. As of the time this motion was filed, no Subchapter V Trustee had been appointed. The Debtors submit that, considering the nature of the relief requested, no further notice need be given.

## IV.     CONCLUSION

For the foregoing reasons, granting the relief requested is appropriate and in the best interest of all parties-in-interest. The Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A:

i.     ordering procedural consolidation and joint administration of these chapter 11 cases; and

ii.    granting such other and further relief as the Court may deem proper.

Respectfully submitted,

 /s/  James A. Coutinho
Thomas R. Allen         (0017513)
Richard K. Stovall       (0029978)
James A. Coutinho        (0082430)
Allen Stovall Neuman & Ashton LLP
17 South High Street, Suite 1220
Columbus, Ohio 43215
T: (614) 221-8500      F: (614) 221-5988
allen@ASNAlaw.com; stovall@ASNAlaw.com;
coutinho@ASNAlaw.com
*Proposed Counsel for Debtors/Debtors in Possession*

# EXHIBIT A
# PROPOSED ORDER

| | | |
|---|---|---|
| In re: | : | Case No: 21-52150 |
| 5AAB Transport, LLC, | : | Chapter 11, Subchapter V |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr |

| | | |
|---|---|---|
| In re: | : | Case No: 21-52151 |
| SJS Transport, LLC, | : | Chapter 11, Subchapter V |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr |

| | | |
|---|---|---|
| In re: | : | Case No: 21-52152 |
| Heavy Diesel Service, LLC, | : | Chapter 11, Subchapter V |
| | : | |
| Debtor. | : | Judge C. Kathryn Preston |

| | | |
|---|---|---|
| In re: | : | Case No: 21-52153 |
| 5AAB Holding, LLC, | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr |

## ORDER GRANTING DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES (DOC __)

This matter comes before the Court on the *Debtors' Motion for Joint Administration of Chapter 11 Cases* (the "Motion") (Doc. ___), filed by 5AAB Transport, LLC ("Transport"), 5AAB Holding, LLC ("Holding"), SJS Transport, LLC ("SJS"), and Heavy Diesel Service, LLC

8

("Diesel," together, the "Debtors"). Through the Motion, the Debtors seek to have the Court procedurally consolidate and jointly administer these chapter 11 cases. authority The Motion is granted as set forth in this Order.

In conjunction with the Motion, the Debtors filed the *Motion of the Debtor for an Order Scheduling an Expedited Hearings on First Day Motions* (the "Expedited Hearing Motion") (Doc. ___) through which it sought an expedited hearing for the Court to consider the Motion. On June ____, 2021, this Court entered an order granting the Expedited Hearing Motion (Doc. ___) and setting a hearing to consider the Motion for June ____, 2021 (the "Expedited Hearing"). On June ____, 2021, the Debtors filed a notice of the Expedited Hearing and certificate of service (Doc. _____) indicating that service was completed on the Office of the United States Trustee, the Subchapter V Trustee, the twenty largest unsecured creditors, any lienholders, and those parties requesting notice in this case. The Expedited Hearing to consider the Motion was held on June ____, 2021.

The Court finds that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Further, this matter is a core proceeding pursuant to 28 U.S.C. §157(b) and the Court has the constitutional authority to issue an order as to the Motion.

Notice of the Motion has been given to the Debtors, the Office of the United States Trustee, the Subchapter V Trustee, the twenty largest unsecured creditors, all lienholders, and those parties requesting notice in the case. Notice of the Motion was adequate, and no further notice need be given. Upon review of the matters presented in the Motion and consideration of the testimony presented at the Expedited Hearing, the Court is satisfied that the relief sought in the Motion is in the best interests of Debtors, their estates, their creditors, and all other parties in interest. The legal

and factual bases set forth in the Motion establish just cause for the relief granted here. The Court

finds the Motion to be well-taken and it is approved.

It is therefore ORDERED as follows:

1.    The above-captioned chapter 11 cases are consolidated for procedural purposes

only and shall be jointly administered by the Court under Case No. 21-52150.

2.    The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 21-52150 |
| 5AAB Transport, LLC, *et al.* | : | Chapter 11 |
| | : | Judge John E. Hoffman, Jr. |
| Debtors. | : | |
| | : | Jointly Administered |

3.    A docket entry, substantially similar to the following, will be entered on the docket

of the SJS, Holding and Diesel cases to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure directing joint
> administration for procedural purposes only of the chapter 11 cases
> of: 5AAB Transport LLC, Case No. 21-52150; 5AAB Holding LLC,
> Case No. 21-52153; SJS Transport, LLC, Case No. 21-52151; and
> Heavy Diesel Service LLC, Case No. 21-52152. The docket in
> 5AAB Transport LLC, Case No. 21-52150 should be consulted for
> all matters affecting this case.

4.    One consolidated docket and one consolidated service list will be maintained by

the Debtors and kept by the Clerk of the Court.

5.    Nothing contained in the Motion or this order will be deemed or construed as

directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

SO ORDERED.

SUBMITTED BY:

 /s/  James A. Coutinho
Thomas R. Allen          (0017513)
Richard K. Stovall       (0029978)
James A. Coutinho        (0082430)
Allen Stovall Neuman & Ashton LLP
17 South High Street, Suite 1220
Columbus, Ohio 43215
T: (614) 221-8500      F: (614) 221-5988
allen@ASNAlaw.com; stovall@ASNAlaw.com;
coutinho@ASNAlaw.com
*Proposed Counsel for Debtors/Debtors in Possession*

Copies to Default List plus Top 20.